JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960-6834
(973)538-6890
David B. Lichtenberg, Esq.
Janet O. Lee, Esq.
ATTORNEYS FOR DEFENDANT
BI INCORPORATED

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEIL PRESSLEY, | : |
| Plaintiff, | : Civil Action No. |
| vs. | : |
| | : **NOTICE AND PETITION FOR** |
| BI INCORPORATED d/b/a BEHAVIORAL INTERVENTIONS, and JOHN DOES 1-10 and ABC PARTNERSHIPS OR CORPORATIONS 1-10 (fictitious names), | : **REMOVAL OF CASE FROM THE SUPERIOR COURT OF NEW JERSEY, LAW DIVISION, ATLANTIC COUNTY** |
| Defendants. | : |

To: William T. Walsh, Clerk
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets Room 1050
Camden, NJ 08101

Alan J. Cohen, Esq.
McAllister, Hyberg, White, Cohen & Mann, P.C.
2111 New Road, Suite 105
Northfield, NJ 08225

Defendant BI Incorporated ("Defendant" or "BI"), pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, respectfully submits this Notice and Petition for Removal of a Case from the Superior Court of New Jersey, Law Division, Atlantic County, bearing Docket No. ATL-L-4716-12, and as grounds for removal allege as follows:

1. On July 11, 2012, Plaintiff Neil Pressley ("Plaintiff" or "Pressley") filed a complaint captioned <u>Neil Pressley vs. BI Incorporated d/b/a Behavioral Interventions, and John Does 1-10 and ABC Partnerships or Corporations 1-10 (fictitious names)</u>, Docket Number ATL-L-4716-12, in the Superior Court of New Jersey, Law Division, Atlantic County.

2. On July 24, 2012, BI was served with the summons and complaint (a copy of which is annexed hereto as Exhibit A).

3. The complaint constitutes all pleadings, process and orders served upon Defendant to date in this action. This document is the initial pleading served upon Defendant setting forth the claims upon which Plaintiff's action is based.

4. As such, this notice and petition is timely filed within the provisions of 28 U.S.C. § 1446(b) in that Defendant has effected removal within thirty (30) days of service.

5. Defendant has not filed an answer or other pleading in the Superior Court of New Jersey.

6. In the Complaint, Plaintiff alleges Defendant violated his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, a law of the United States. <u>See</u> Ex. A, Count 1, ¶¶ 12, 13.

7. The federal district courts have original jurisdiction of all civil actions arising under the laws of the United States. 28 U.S.C. § 1331. Therefore, this Court has original jurisdiction over Plaintiff's claims as they arise under the FMLA, a federal law. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(a).

8. To the extent that any of Plaintiff's claims does not arise under the FMLA, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367 and 1441(c).

9. In the alternative, pursuant to 28 U.S.C. § 1332(a), this Court has original

jurisdiction over this matter on the basis of diversity of citizenship as it is between citizens of different states and the matter in controversy exceeds the sum of $75,000.

10. Specifically, at the time of filing of the subject complaint, Plaintiff was a citizen and resident of the State of New Jersey. See Ex. A. Defendant BI is a citizen of Colorado, where it is both incorporated and has its principal place of business. Therefore, there is complete diversity of citizenship between the parties.

11. As set forth in the complaint, Plaintiff seeks compensatory damages and punitive damages, as well as attorneys' fees. Therefore, it appears the entire amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

12. Therefore, this Court has original jurisdiction over Plaintiff's claims by virtue of diversity of citizenship and satisfaction of the amount in controversy requirement of 28 U.S.C. § 1332.

13. Venue is proper in this Court.

14. BI submits this notice and petition without waiving any defenses to the claims asserted by Plaintiff or conceding Plaintiff has pleaded claims upon which relief may be granted.

15. Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of the removal of this action to all adverse parties, and has filed a copy of this Notice with the Clerk of the Superior Court of New Jersey, Law Division, Atlantic County.

WHEREFORE, Defendant respectfully requests that the within action, now pending in the Superior Court of New Jersey, Law Division, Atlantic County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960-6834
(973)538-6890

By: */s/ David B. Lichtenberg*
David B. Lichtenberg, Esq.
Janet O. Lee, Esq.
ATTORNEYS FOR DEFENDANT
BI INCORPORATED

Dated: August 21, 2012

4810-4994-1776, v. 1

# EXHIBIT A

McALLISTER, HYBERG, WHITE, COHEN & MANN, PC
2111 New Road, Suite 105
Northfield, NJ 08225
(609)407-1000
Attorneys for PLAINTIFF

RECEIVED
ATLANTIC COUNTY

| | |
|---|---|
| NEIL PRESSLEY,<br><br>            Plaintiff,<br><br>-vs-<br><br>BI INCORPORATED d/b/a/<br>BEHAVIORAL INTERVENTIONS, and<br>JOHN DOES 1-10 and ABC<br>PARTNERSHIPS OR CORPORATIONS<br>1-10 (fictitious names),<br><br>            Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>ATLANTIC COUNTY<br>DOCKET NO. ATL-L- 4716 -12<br><br>Civil Action<br><br>**SUMMONS** |

FROM THE STATE OF NEW JERSEY
TO THE DEFENDANT(S) NAMED ABOVE:       **BI Incorporated**
**Behavioral Interventions**
**26 S. Pennsylvania Avenue**
**Atlantic City, New Jersey 08401**

   The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within **35 days** from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971 Trenton, New Jersey 08625. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 for Law Division and $135.00 for Chancery Division and completed Case Information Statement) if you want the court to hear your defense.

   If you do not file and serve a written answer or motion within 35 days, the court

may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated:

/s/ Jennifer M. Perez
JENNIFER M. PEREZ, CLERK
Superior Court of New Jersey

Name of Defendant to be served: **BI Incorporated**
**Behavioral Interventions**
**26 S. Pennsylvania Avenue**
**Atlantic City, New Jersey 08401**

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section
Room 119
Justice Center, 10 Main Street
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth Street
Camden, NJ 08103
LAWYER REFERRAL
(609) 964-4520
LEGAL SERVICES
(609) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
9 N. Main Street
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(609) 692-6207
LEGAL SERVICES
(609) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
237 Hall of Records
465 Dr. Martin Luther King, Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(201) 622-6207
LEGAL SERVICES
(201) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL
(609) 848-4589
LEGAL SERVICES
(609) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House - 1st Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08862
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(908) 828-0053
LEGAL SERVICES
(908) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
71 Monument Park
P.O. Box 1262
Court House, East Wing
Freehold, NJ 0728-1262
LAWYER REFERRAL
(908) 431-5544
LEGAL SERVICES
(908) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(201) 267-5882
LEGAL SERVICES
(201) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(908) 240-3666
LEGAL SERVICES
(908) 341-2727

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office, Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(201) 267-5882
LEGAL SERVICES

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(201) 278-9223
LEGAL SERVICES
(201) 345-7171

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market St., P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(609) 678-8363
LEGAL SERVICES
(609) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(201) 267-5882
LEGAL SERVICES
(201) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

RECEIVED and FILED
JUL 11 2012
ATLANTIC COUNTY
LAW DIVISION

McALLISTER, HYBERG, WHITE, COHEN & MANN, PC
2111 New Road, Suite 105
Northfield, NJ 08225
(609)407-1000
Attorneys for PLAINTIFF

| NEIL PRESSLEY, | SUPERIOR COURT OF NEW JERSEY |
| --- | --- |
| Plaintiff, | LAW DIVISION |
| -vs- | ATLANTIC COUNTY |
| | DOCKET NO. ATL-L-4716-12 |
| BI INCORPORATED d/b/a/ BEHAVIORAL INTERVENTIONS, and JOHN DOES 1-10 and ABC PARTNERSHIPS OR CORPORATIONS 1-10 (fictitious names), | Civil Action |
| | ***COMPLAINT and JURY DEMAND*** |
| Defendant. | |

Plaintiff, Neil Pressley, residing at 2845 Forsythia Court, Mays Landing, County of Atlantic, State of New Jersey, by way of this Complaint, states as follows:

## COUNT ONE

1. Plaintiff was an employee at defendant Behavioral Interventions, located at 26 S. Pennsylvania Avenue in Atlantic City, New Jersey. He was terminated on or about August 3, 2010 by defendants, allegedly for showing up for work when they believed the defendant had called out using intermittent FMLA leave to care for his child.

2. By way of background, plaintiff was a new father and was granted FMLA leave to care for his newborn from February 8, 2010 through March 8, 2010, using approximately 4 of his allotted 12 weeks of FMLA leave for the 12 month period.

3. Thereafter, plaintiff would periodically need to use the remaining intermittent leave to care for his child as was granted and explained to him by

1

McALLISTER, HYBERG, WHITE, COHEN & MANN, PC
2111 New Road, Suite 105
Northfield, NJ 08225
(609)407-1000
Attorneys for PLAINTIFF

RECEIVED and FILED
JUL 11 2012
ATLANTIC COUNTY
LAW DIVISION

| | |
|---|---|
| NEIL PRESSLEY,<br><br>Plaintiff,<br><br>-vs-<br><br>BI INCORPORATED d/b/a/ BEHAVIORAL INTERVENTIONS, and JOHN DOES 1-10 and ABC PARTNERSHIPS OR CORPORATIONS 1-10 (fictitious names),<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>ATLANTIC COUNTY<br>DOCKET NO. ATL-L 4716 12<br><br>Civil Action<br><br>***COMPLAINT and JURY DEMAND*** |

Plaintiff, Neil Pressley, residing at 2845 Forsythia Court, Mays Landing, County of Atlantic, State of New Jersey, by way of this Complaint, states as follows:

**COUNT ONE**

1. Plaintiff was an employee at defendant Behavioral Interventions, located at 26 S. Pennsylvania Avenue in Atlantic City, New Jersey. He was terminated on or about August 3, 2010 by defendants, allegedly for showing up for work when they believed the defendant had called out using intermittent FMLA leave to care for his child.

2. By way of background, plaintiff was a new father and was granted FMLA leave to care for his newborn from February 8, 2010 through March 8, 2010, using approximately 4 of his allotted 12 weeks of FMLA leave for the 12 month period.

3. Thereafter, plaintiff would periodically need to use the remaining intermittent leave to care for his child as was granted and explained to him by

1

correspondence date February 16, 2010 wherein defendant's employee/representative/agent, Florence Mackin explained:

"I want to make sure that you understand that you can take Family Medical Leave on an intermittent basis as well as in a single block of time."

"If you take time off using intermittent FMLA, this cannot be considered an attendance issue, even if you do not have sufficient PTO to cover your absence."

"Leave taken for the birth of a child must be taken in the first year of the child's life. When you return from leave on 3/9/10, you will have 7 weeks and 4 days of leave left in your 12 week entitlement. If the need for intermittent leave is foreseeable, then you must provide as much notice as possible to your manager."

4.  However, despite sending this correspondence to the plaintiff, when plaintiff needed to take time off to care for his newborn, the defendant did in fact hold it against him and ultimately terminated him on August 3, 2010, ironically for showing up to work when he gave advanced warning that he "might" need a sitter.

5.  On July 27th and again on July 28, 2010, plaintiff informed his supervisor, Summer Wosham, that he was having problems with childcare and may not be in on July 30, 2010. He also let her know that he would need to use time on August 30, 2010 to take his daughter to the doctors.

6.  Ms. Worsham was not happy about this as plaintiff's absence would require her to cover the front desk which she did not like to do so she denied plaintiff's request for intermittent leave. Plaintiff reminded her that he had permission to use the leave and would do his best to make alternate arrangements so as to not inconvenience her with the less than desirable assignment.

2

7.   However, on July 29, 2010, plaintiff was not having any luck making alternative childcare arrangements and sent a text to his supervisor reminding her of same but telling her that he would continue to try to make other arrangements.

8.   Plaintiff was in fact able to make childcare arrangements and reported to work on July 30th, 2010 as scheduled.

9.   However, when plaintiff showed up at work, his supervisor was not happy to see him as she had scheduled another employee to work in his place.

10.  Although clearly a misunderstanding, the supervisor was not happy, insisted that plaintiff had called "texted" out and ultimately sent the plaintiff home.

11.  Plaintiff never returned to work and was then terminated on August 3, 2010.

12.  The defendants violated the law by failing to honor plaintiff's existing, remaining and previously approved intermittent leave in violation of the *Family and Medical Leave Act*.

13.  As a result of the negligence, carelessness, violation of statute and strict liability against the defendant BI Inc. d/b/a/ Behavioral Interventions., John Does 1-10 and ABC Partnerships or Corporations 1-10 and violation of the *New Jersey Law Against Discrimination* and its administrative regulations as to reasonable accommodations and the *Tynan v. Vicinage 13 of the Superior Court of New Jersey*, 351 N.J. Super. 385 (App. Div. 2002), line of cases concerning the interactive process, all of which were a violation of FMLA leave provisions, the defendants wrongfully

terminated plaintiff in violation of the *New Jersey Law Against Discrimination* and related laws.

**WHEREFORE**, plaintiff demands judgment against all defendants, jointly and severally, for, as follows:

(a) Compensatory Damages;

(b) Punitive Damages;

(c) Payment of Attorneys Fees and Costs;

(d) Interests and Costs of Suit;

(c) Granting such other and further relief as the court deems proper, together with interest and costs of suit.

### COUNT TWO

1. Plaintiff repeats the allegations contained in the preceding Count and makes them paragraph 1 of this Count as if same were fully set forth at length herein.

2. Defendants on this Count, John Does 1 through 10 and ABC Partnerships or Corporations 1-10, are unknown employers, decision makers, supervisors, aiders or abettors, to the decision and actions or omissions that violated the *New Jersey Law Against Discrimination*, inclusive of the *Family Medical Leave Act* and violations of the plaintiff.

3. As a proximate result of said acts or omissions by these defendants, plaintiff was damaged and injured.

4. Once discovery reveals the identities of these individuals, plaintiff reserves her rights pursuant to Rule 4:26-4 to amend this Complaint to truly reflect their identities.

**WHEREFORE**, plaintiff demands judgment against all defendants, jointly and severally, for, as follows:

(a) Compensatory Damages;

(b) Punitive Damages;

(c) Payment of Attorneys Fees and Costs;

(d) Interests and Costs of Suit;

(c) Granting such other and further relief as the court deems proper, together with interest and costs of suit.

McAllister, Hyberg, White, Cohen & Mann, PC
Attorneys for Plaintiff

_____
Alan J. Cohen, Esq.

DATED: July 10, 2012

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues.

_____
Alan J. Cohen, Esq

DATED: July 10, 2012

## DESIGNATION OF TRIAL COUNSEL

Alan J. Cohen, Esq. is designated as trial counsel in this matter.

_____
Alan J. Cohen, Esq

DATED: July 10, 2012

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS AND ENTIRE EMPLOYMENT FILE OF PLAINTIFF.

Pursuant to R. 4:10-2(b), demand is hereby made that you disclose to the undersigned at the time of your serving your ANSWER:

(A)  Whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment. If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured there under; (e) limitations of insurance coverage (f) whether an Employers Protective Liability Coverage policy exists to cover this claim and (g) whether there is umbrella coverage above the policy limits. If yes, identify the limits of the coverages, and

(B)  Produce any and all employment records, applications, reviews, evaluations, complaints by against anyone (including but not limited to the complaints concerning the incidents complained of in this Complaint) at work or against plaintiff and all payroll and benefit records.

(C)  Attach any and all documents, relating in whole or in part, to any requests, discussions or decisions regarding any form of FMLA leave, return to work, disability and disability determinations, requests for light duty accommodations, requests for FLMA extension accommodations, termination of his position of employment, posting of her position as opened for bid and plaintiff's termination.

_____
ALAN J. COHEN, ESQ.

DATED: July 10, 2012

### DEMAND FOR ANSWERING UNIFORM INTERROGATORIES C

Demand is hereby made that Defendants answer Uniform Interrogatories, Form C at Appendix of the New Jersey Rules of Court.

_____
Alan J. Cohen, Esq.

DATED: July 10, 2012

### CERTIFICATION PURSUANT TO R. 4:5-1

I certify that the matters in controversy in this action are not the subject of any other action pending in any other court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated.

_____
Alan J. Cohen, Esq.

DATED: July 10, 2012